NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 07-11470
Chapter 11

LAKE MARTIN PARTNERS, LLC,

   Debtor.

## ORDER APPROVING APPLICATION
## TO EMPLOY PROFESSIONAL PERSONS

   The debtor in this chapter 11 case filed an application to employ attorneys Dow T. Huskey and Rufus R. Smith, Jr. (Doc. #52 and #61). These lawyers will represent the debtor in pursuing a possible pre-petition breach of contract action against Stoneview Summit Developers, Inc. (hereinafter Stoneview). Stoneview filed an objection to the employment of Dow T. Huskey (Doc. #70). A telephonic hearing to consider the application was held on December 10, 2007. Participating in the hearing were Collier H. Espy, Jr., attorney for the debtor, Lee R. Benton, Stoneview's attorney, and Rufus R. Smith, Jr.

   Stoneview objects to the employment of Mr. Huskey on two grounds. First, Stoneview contends that Mr. Huskey has a prohibitive conflict of interest due to his prior and current representation of the debtor's principals.[1] In particular, Stoneview asserts that if it is sued by the debtor for breach of contract, it (Stoneview) will counterclaim not only against the debtor but also against the debtor's principals. This potential counterclaim against the principals, would, according to Stoneview, influence Mr. Huskey's actions on behalf of the debtor. The court, however, is not convinced.

   Pursuant to 11 U.S.C. § 327(e), the court may authorize the employment of an attorney for a special purpose provided that such attorney does not represent or hold

---

[1] These principals, according to Stoneview, have personally guaranteed a number of the debtor's obligations.

an interest adverse to the estate with respect to the matter on which the attorney is to be employed. Strictly speaking, one could say that the debtor's attorney in every corporate bankruptcy has a potential conflict of interest. That lawyer, hired by the corporation's officers/principals, must do the bidding of the corporation regardless of the effect upon those principals. In that sense, Mr. Huskey faces no greater loyalty dilemma than do the lawyers who represent the debtor in the main bankruptcy proceeding. Due to the early stage of this chapter 11 proceeding and to the number of hypotheticals that must come to fruition in order for a prohibitive conflict to arise, this court cannot conclude that Mr. Huskey has or represents adverse interests.[2] In addition, the court is convinced that Mr. Smith, co-counsel in this matter, has no affiliation with the debtor's principals and would serve as a check should Mr. Huskey become adverse.

Finally, Stoneview maintains that Mr. Huskey is likely to be a fact witness in any breach of contract litigation thereby precluding his employment under the rules governing lawyer conduct. Rule 3.7 of the *Alabama Rules of Professional Conduct* prevents a lawyer from participating in the trial of a matter on behalf of a party when the lawyer is likely to be a necessary witness. Those rules do not prevent a lawyer from representing his client except at the actual trial. It follows that Mr. Huskey could ethically represent the debtor in all matters except for trial. With the availability of qualified co-counsel, Mr. Huskey's ability to participate in trial is not nearly as critical should he be called as a fact witness. For these reasons, it is

ORDERED that the debtor's application to employ Dow T. Huskey and Rufus R. Smith, Jr. is APPROVED under the terms and conditions specified in the application.

Done this the 22nd day of January, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Collier H. Espy, Jr., Debtor's Attorney
   Lee R. Benton, Stoneview's Attorney

---

[2]Presently, it is merely hypothetical that the debtor will bring a breach of contract claim. Further, it is hypothetical that the putative defendant will counterclaim against the principals or that the principals would lack any meritorious defense to a counterclaim.

Dow T. Huskey, Attorney At Law
Rufus R. Smith, Attorney At Law
Creditors' Committee